IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Damon Brown,<br><br>   Petitioner,<br><br>v.<br><br>Unknown Parties, et al.,<br><br>   Respondents. | No. CV-16-03501-PHX-SPL (BSB)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

Petitioner Ron Damon Brown has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) Respondents assert that the Amended Petition should be dismissed because it is untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 15.) Respondents also argue that Petitioner's claims are procedurally barred from federal habeas corpus review. (*Id.*) Petitioner has not filed a reply in support of his Amended Petition and the time to do so has passed. For the reasons below, the Court recommends that the Amended Petition be dismissed as untimely.

**I. Factual and Procedural Background**

  **A. Conviction and Sentencing**

After a jury trial in the Maricopa County Superior Court, Petitioner was convicted of two counts of sexual conduct with a minor and one count of sexual abuse. (Doc. 15, Ex. A, B.) The trial court sentenced Petitioner to five years' imprisonment on the sexual

abuse conviction, and to consecutive, aggravated sentences of life imprisonment on the sexual conduct convictions. (Doc. 15, Ex. B.)

### B. Direct Appeal

Petitioner appealed to the Arizona Court of Appeals. (Doc. 15, Exs. D, E.) On September 8, 2011, the appellate court affirmed Petitioner's convictions and sentences. (Doc. 15, Ex. D.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 5 at 3.)

### C. Post-Conviction Review

#### 1. First Post-Conviction Proceeding

On January 24, 2012, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.[1] (Doc. 15, Ex. H.) Petitioner acknowledged that the notice was untimely, but argued that he was not at fault for the untimely filing because he was unfamiliar with the time limits for filing a notice of post-conviction relief. (*Id.*) On February 15, 2012, the trial court dismissed the notice as untimely. (Doc. 15, Ex. I.) Petitioner did not file a petition for review in the court of appeals. (Doc. 5 at 5.)

#### 2. Second Post-Conviction Proceeding

On March 29, 2012, Petitioner filed a second notice of post-conviction relief in the trial court. (Doc. 15, Ex. J.) Petitioner claimed that he was unaware of the filing deadlines, and requested permission to file a "delayed petition." (*Id.*) On April 7, 2012, the trial court dismissed the notice as untimely. (Doc. 15, Ex. K.) Petitioner sought review in the court of appeals, which granted review but denied relief. (Doc. 15, Exs. M,

---

[1] Consistent with Respondents' answer, the Court gives Petitioner the benefit of the prison mail box rule and calculates the filing date of Petitioner's pro se filings from the date on which he signed and apparently delivered the document to prison authorities for mailing, not the date on which the court filed the document. *See Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (discussing mailbox rule in federal proceedings); *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (assuming federal habeas petitioner "turned his petition over to prison authorities on the same day he signed it"); *State v. Rosario*, 987 P.2d 226, 228 (Ariz. Ct. App. 1999) (applying prisoner mailbox rule to filing post-conviction relief notice).

L.) The appellate court concluded that the trial court did not abuse its discretion in dismissing the notice of post-conviction relief as untimely. (Doc. 15, Ex. L.)

### 3. Third Post-Conviction Proceeding

On July 7, 2013, Petitioner filed a third notice of post-conviction relief, arguing that newly-discovered evidence excused his untimely filing under Rule 32.1(e). (Doc. 15, Ex. N.) Petitioner alleged that he had discovered "a fatal defect" in his indictment, amounting to "fundamental error." (*Id*.) The trial court dismissed the notice, ruling that Petitioner had not "allege[d] any new facts," and had failed also "to provide any facts, affidavits, records, or other evidence to support this claim," as the rule required. (Doc. 15, Ex. O.) Petitioner did not seek review in the court of appeals. (Doc. 5 at 5.)

### 4. Fourth Post-Conviction Proceeding

On December 4, 2013, Petitioner filed a fourth notice of post-conviction relief, asserting newly-discovered evidence based on alleged discrepancies between a witness's police statement and trial testimony. (Doc. 15, Ex. P.) The trial court dismissed the notice, and Petitioner filed a petition for review in the appellate court. (Doc. 15, Exs. Q, R.) On September 15, 2015, the court of appeals granted review but denied relief. (Doc. 15, Ex. S.)

### 5. Fifth Post-Conviction Proceeding

On January 29, 2014, Petitioner filed a fifth notice of post-conviction relief. (Doc. 15, Ex. V.) Petitioner alleged a claim of actual innocence pursuant to Rule 32.1(h). (*Id.*) The trial court summarily dismissed the notice. (Doc. 15, Ex. W.) There is no indication in the record that Petitioner sought appellate review.

## D. Petition for Writ of Habeas Corpus

On September 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On November 15, 2016, he filed an Amended Petition raising the following three grounds for relief: (1) his right to a fair trial was violated because the prosecution presented perjured testimony (Ground One); (2) his

right to the effective assistance of counsel was violated because trial counsel failed to use all available evidence, including evidence that would have supported Petitioner's alibi defense (Ground Two); and (3) his right to an impartial jury was violated because the trial court "allowed evidence, the confrontation call, inside the jury room without communicating that in writing or on the record with defense counsel" (Ground Three). (Doc. 5.) As set forth below, the Court concludes that the Amended Petition is untimely and recommends that it be denied on that basis.[2]

## II. The Petition is untimely under the AEDPA Limitations Period

### A. Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] Therefore, to assess the timeliness of the Amended Petition, the Court determines the date on which Petitioner's convictions became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

After his trial and sentencing, Petitioner pursued direct review in the Arizona Court of Appeals. (Doc. 15, Exs. D, E.) On September 8, 2011, the appellate court affirmed Petitioner's convictions and sentences. (Doc. 15, Ex. D.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 5 at 3.) Accordingly, his convictions became final thirty-five days later, on October 13, 2011, upon the expiration of time for seeking review in the Arizona Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (for a state prisoner who does not seek review in the state's highest court, the judgment becomes "final" on the date the time for seeking such review expires); Ariz. R.

---

[2] Petitioner's claims asserted in this habeas corpus proceeding are untimely based on the filing date of both the original and the Amended Petition.

[3] The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). The Amended Petition does not contain any allegations implicating subsections (B), (C), or (D).

- 4 -

Crim. P. 31.19(a) (an Arizona litigant must file a petition for review by the Arizona Supreme Court within thirty days after the court of appeals files its decision); Ariz. R. Crim. P. 1.3 (stating that "whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period."). Therefore, the one-year limitations period commenced on October 14, 2011, and expired one year later on October 15, 2012, unless tolling applies. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

## B. Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

Petitioner filed notices of post-conviction relief in January and March 2012. (Doc. 15, Exs. H, J.) The state court dismissed both notices as untimely under Arizona law.[4] (Doc. 15, Exs. I, K, M.) Because the applications for post-conviction relief were untimely under Arizona law, they were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) and therefore they did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that time limits are filing conditions and concluding that "[b]ecause the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he [was] not entitled to statutory tolling under § 2244(d)(2).").

---

[4] Rule 32.4(a) provides that "a notice of post-conviction relief must be filed ninety days after entry of judgment and sentence, or within thirty days after the issuance of the order and mandate in direct appeal, whichever is later." Ariz. R. Crim. P. 32.4(a).

- 5 -

After the limitations period expired in October 2012, Petitioner commenced several post-conviction proceedings in 2013 and 2014. (Doc. 15, Exs. N, P, V.) Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Therefore, the post-conviction proceedings commenced in 2013 and 2014 could not toll the limitations period and the Amended Petition is untimely unless equitable tolling applies.

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

Petitioner does not provide any explanation for his untimely filing. (Doc. 5 at 11.) Petitioner could assert that his lack of legal knowledge and legal assistance justify equitably tolling the limitations period. However, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such

circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims, nor petitioner's inability to correctly calculate the limitations period, were extraordinary circumstances warranting equitable tolling). Therefore, equitable tolling does not apply.

**III. Conclusion**

The Court concludes that the Amended Petition is untimely and recommends that it be dismissed on that basis. Therefore, the Court does not consider the merits of Petitioner's claims or Respondents' alternative arguments for denying relief.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate

Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 11th day of May, 2017.

Bridget S. Bade
United States Magistrate Judge